IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

BERNARDO MENDIA,
   Plaintiff-Appellee,

v.

JOHN M. GARCIA and CHING CHANG,
   Defendants-Appellants,
and

U.S. DEPARTMENT OF HOMELAND SECURITY,
   Defendant.

Nos. 16-15742,
16-16184

**MOTION FOR LIMITED REMAND
UNDER FEDERAL RULE OF APPELLATE PROCEDURE 12.1(b)**

  Defendants-appellants respectfully request that this Court remand these consolidated appeals under Fed. R. App. P. 12.1(b) for the limited purpose of permitting the district court to take action consistent with its May 31, 2017 order that dismissed the underlying case.

### BACKGROUND

  1. Plaintiff-appellee Bernardo Mendia alleged three causes of action against the United States under the Federal Tort Claims Act (FTCA), and three causes of action against defendants-appellants John M. Garcia and Ching Chang in their individual capacity under *Bivens v.*

1

*v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Dkt. 110 ¶¶ 94-150.[1] The district court denied the individual defendants' motions to dismiss the *Bivens* claims on qualified immunity grounds, Dkts. 107, 138, and the individual defendants took interlocutory appeals from those orders, Dkts. 131, 146, which are the consolidated appeals here.

2. While these appeals have been pending, the district court proceedings continued. Based on Mendia's conduct throughout the case, the district court on April 27, 2017, imposed monetary sanctions on Mendia and ordered him to comply with his discovery obligations, including appearing for his deposition. Dkt. 243, at 1-2. The court warned Mendia that "failure to abide by this Order, or any other Court orders, will result in the dismissal of this action." *Id.* at 2.

3. After Mendia's deposition, defense counsel informed the district court that Mendia "could not recall salient facts about his background, including the full name and current whereabouts of his mother; the whereabouts of his ex-wife and child; whether he obtained a high school

---

[1] All citations to docket entries refer to docket entries in the underlying district court proceedings, *Mendia v. Garcia*, No. 3:10-cv-3910-MEJ (N.D. Cal.).

2

degree or whether he actually graduated from university; his entire employment history; his current employment in Mexico; the address of his current residence in Mexico City; whether he currently or has ever owned any real property; whether he has ever filed state or federal income taxes; whether he has ever had a bank or savings account; whether he has ever had a credit card; and the contact information for potential third party witnesses, such as their last names, because he did not have his phone on his person." Dkt. 250 at 2.  The district court ordered Mendia to respond to these representations in a declaration, Dkt. 254, which he did, Dkt. 257.

4. On May 31, 2017, the district court ordered the case dismissed. Dkt. 268.  The district court issued its order under seal, and the court indicated that the seal may be lifted after June 30, 2017.  *Id.*

## DISCUSSION

5. When a district court lacks jurisdiction to take actions on certain claims, it can issue an indicative ruling that prospectively indicates how the court would act on those claims.  *See* Fed. R. Civ. P. 62.1; Fed. R. App. P. 12.1.  Here, the individual defendants took interlocutory appeals from the district court's denial of qualified

3

immunity, and those interlocutory appeals divested the district court of jurisdiction over the *Bivens* claims. *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992); *see also Williams v. Brooks*, 996 F.2d 728, 729-30 (5th Cir. 1993) (district court lacked jurisdiction to dismiss entire case while interlocutory appeal on immunity was pending in the court of appeals). In light of this procedural posture, the district court's May 31 order dismissing the case should be understood as (1) an order dismissing Mendia's FTCA claims and (2) an indicative ruling that the court would dismiss Mendia's *Bivens* claims if it exercised jurisdiction over them.

6. After an indicative ruling, this Court may remand a pending appeal to allow the district court to take action consistent with its indicative ruling. Fed. R. App. P. 12.1(b) ("[T]he court of appeals may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal."). We ask the Court to remand the *Bivens* claims in these appeals to the district court, for the limited purpose of permitting the district court to exercise jurisdiction over those claims and take action consistent with its May 31 dismissal order.

7. Counsel for Mendia have represented that they are not able to take a position on this motion at this time.

**CONCLUSION**

We respectfully request that the Court issue a limited remand of these consolidated appeals for the limited purpose of permitting the district court to take action consistent with its May 31, 2017 dismissal order.

Respectfully submitted,

H. THOMAS BYRON III
(202) 616-5367
*/s/ Daniel Aguilar*
DANIEL AGUILAR
(202) 514-5432
*Attorneys, Appellate Staff*
*Civil Division, Room 7266*
*Department of Justice*
*950 Pennsylvania Avenue, N.W.*
*Washington, D.C. 20530-0001*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the requirements of Fed. R. App. P. 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it has been prepared in 14-point Century Schoolbook, a proportionally spaced font. I further certify that this motion complies with the page limitations of Circuit Rule 27-1(1)(d) because it is less than 20 pages.

*/s/ Daniel Aguilar*
Daniel Aguilar

**CERTIFICATE OF SERVICE**

I certify that on June 16, 2017, I caused the foregoing motion to be electronically filed with the United States Court of Appeals for the Ninth Circuit via the CM/ECF system, which will serve counsel for all parties.

*/s/ Daniel Aguilar*
Daniel Aguilar